**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JACK NEUBERGER, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Civil Action No. AW-04-2820 |
| | * | |
| UNITED STATES OF AMERICA, *et al.*, | | |
| | * | |
| Defendants. | | |

\* \* \* \* \*

**MEMORANDUM OPINION**

This action involves a claim under the Federal Tort Claims Act ("FTCA"), brought by Jack Neuberger ("Neuberger") and Mary Neuberger ("Mrs. Neuberger") (collectively, "Plaintiffs") against the United States of America (the "United States"), Curl Swimming Services, Inc. ("CSS"), and Christopher Kopf ("Kopf") (collectively, "Defendants"). Currently pending before the Court is the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment [12], Plaintiffs' Motion for Discovery [17], the United States' Motion to Strike [22], and Plaintiffs' Motion for Leave to File Sur-Reply [23]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant-in-part and deny-in-part the motion to dismiss, and allow Plaintiffs to engage in some limited discovery.

I.   **FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken in the light most favorable to the non-movant. On October 1, 2002, at 4:00 p.m., Neuberger was swimming in the National Naval Medical Center ("NNMC") indoor swimming pool located in Bethesda, Maryland. While Neuberger was swimming the backstroke in Lane

No. 5, the designated handicapped lane, he was struck from behind by another swimmer, Defendant Kopf, a Hospital Corpsman Third Class in the United States Navy (the "Navy"). As a result of this collision, Neuberger, who was seventy-one years old at the time, suffered serious medical injuries. Plaintiffs also allege that some sort of subsequent altercation occurred between Neuberger and Kopf such that Kopf tried to block Neuberger from exiting the pool.

On July 30, 2003, Plaintiffs submitted their claims arising out of the October 1, 2002 incident to the Navy. On December 9, 2004, in considering Plaintiffs' allegations against Kopf, Thomas M. DiBiagio ("DiBiagio"), the then-United States Attorney for the District of Maryland, certified that Kopf was acting within the scope of his employment with the Navy at the time the tortious conduct occurred.

On January 30, 2004, Plaintiffs' counsel received a letter from the Navy, dated January 22, 2004, denying Plaintiffs' claims. The letter informed Plaintiffs that they must file suit in federal court within six months of the receipt of the letter. On August 31, 2004, approximately seven months after Plaintiffs received the letter from the Navy denying their claims, Plaintiffs filed suit in this federal court. In their suit, Plaintiffs identify the United States, Kopf, and CSS, the company hired by the United States to provide life guarding services to the NNMC indoor pool, as liable for the injuries sustained by Neuberger.

On December 13, 2004, the United States filed the instant Motion to Dismiss or, in the Alternative, for Summary Judgment. On January 13, 2005, Plaintiffs filed their brief in opposition to the Motion to Dismiss, as well as a request for additional discovery pursuant to Federal Rule of Civil Procedure 56(f). The motions are ripe for disposition, and the Court will now issue a Memorandum Opinion.

I.   **STANDARD**

Motions to dismiss for lack of jurisdiction are governed by Federal Rule of Civil Procedure

12(b)(1). When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether jurisdiction exists, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003).[1]

## II.  ANALYSIS

### 1.  Motion to Dismiss

The United States first argues that Plaintiffs failed to timely file their action in federal court, and as such, pursuant to Federal Rule of Civil Procedure 12(b)(1), their claim against the United States should be dismissed. For the following reasons, the Court agrees.

"It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued." *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990). The terms of a sovereign's consent to be sued in any court define that court's jurisdiction to entertain the suit. *Id.* Congress created a limited waiver of the sovereign immunity of the United States in the FTCA. *Id.* Therefore, this Court must strictly construe the terms of the FTCA. *Honda v. Clark*, 386

---

[1]As explained below, the Court does not reach the question of whether CSS was acting as an independent contractor, and therefore the Rule 12(b)(6) and Summary Judgment standards are inapplicable.

U.S. 484, 501 (1967); *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) ("Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts.").

28 U.S.C. § 2401 sets forth the time requirements for the filing of an administrative claim and the commencement of a civil suit under the FTCA. Specifically, that section provides that a claim "must be presented in writing to the appropriate federal agency within two years after such claim accrues and that a civil action must be commenced within six months after the final denial of the claim by the agency." *Henderson v. United States*, 785 F.3d 121, 123 (4th Cir. 1986) (internal citations omitted). The requirement of filing an administrative claim is jurisdictional and may not be waived. *Id.*

Here, Plaintiffs received a final denial of their claims to the Navy on January 30, 2004. Plaintiffs filed their Complaint on August 31, 2004. Plaintiffs therefore did not commence a civil action within six months after the final denial of their claim by the Navy.

Plaintiffs do not seem to deny that their Complaint was filed outside of the statutory time period provided by the FTCA, but rather argue that the doctrine of equitable tolling should apply in order to allow their case to proceed. The Court disagrees. The Fourth Circuit has observed that, "because of the importance of respecting limitations periods, equitable tolling is appropriate only where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Kokotis*, 223 F.3d at 280-81 (internal citations omitted). Plainly, no such deceit is present here, where Plaintiffs received a letter from the Navy explicitly informing them of their statutory obligations. As such, the Court finds that Plaintiffs failed to observe the jurisdictional guidelines set forth by the FTCA and will dismiss their

claim against the United States pursuant to that statute.[2]

### 2. **Motion for Additional Discovery**

Plaintiffs requests that the Court grant some discovery on the issue of whether Kopf was acting within the scope of his employment on October 1, 2002, at the time of the accident in question. For the following reasons, the Court will grant Plaintiffs' request.

When a scope of employment certification is challenged, "it is the plaintiff's burden to prove by a preponderance of the evidence that the actions complained of were not within the scope of employment." *Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997). The Fourth Circuit has explained the procedures for challenging a scope of employment certification as follows:

> Once the certification is filed it constitutes, in effect, a motion for summary judgment and challenges the plaintiff to come forward with an evidentiary showing that, if proven, would be sufficient to take a case out of the scope of employment as shown by the certification.

*Id.*

As such, "the district court may allow, in its discretion, limited discovery or conduct an evidentiary hearing, but should not do so if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal an issue of material fact." *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir. 1997). Whether such discovery is required rests in the sound discretion of the district court; "only if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with

---

[2]The Court, therefore, need not consider the remaining arguments set forth in the United States' Motion to Dismiss concerning whether CSS was acting as an independent contractor.

discovery and an evidentiary hearing." *Id.*

Here, the Court finds that there is some question as to whether an employee of the Navy was acting within the scope of employment when swimming in a swimming pool. On the one hand, such activity could be construed as recreational and therefore outside the scope of employment. On the other hand, the conduct could also be viewed as consistent with a employment obligation to stay physically fit. Therefore, the Court will allow Plaintiffs some limited discovery on the issue of whether Kopf was acting within the scope of his employment at the time of the accident.[3]

There is also some dispute concerning the scope of the additional discovery. The Fourth Circuit has explained that, in light of the recognized desirability of quickly resolving any scope of employment issues, "the district court should ensure that both the discovery and any evidentiary hearings are circumscribed as narrowly as possible, although these are matters within its discretion." *Id.* at 1154-55. Therefore, the Court will permit Plaintiffs sixty (60) days in which to complete discovery concerning the scope of employment issue. During this time, Plaintiffs may request written discovery pursuant to Federal Rules of Civil Procedure 33 and 34. The Court will limit Plaintiffs' discovery through deposition to two depositions as to the scope of employment issue. Within ten days of the conclusion of this sixty day period, Plaintiffs may submit a motion requesting that this Court find that Defendant Kopf was not acting within the scope of his employment at the time of the accident.

As the Court finds that additional discovery is appropriate, Plaintiffs' Motion for Leave to File Sur-

---

[3] Plainly, if the Court concludes that Kopf was acting within the scope of his employment, Plaintiffs' claims against Kopf will be dismissed. Conversely, if Kopf was not acting within the scope of his employment with the Navy, Plaintiffs will be allowed to proceed against Kopf in his individual capacity.

Reply is moot, and will therefore be denied.

### 3. Motion to Strike

The United States also files a motion to strike Defendant CSS's Supplemental Opposition to Motion to Dismiss, filed on February 2, 2005, as a sur-reply. The Court finds that the instant pleading is, indeed, a sur-reply. The Court further notes that, pursuant to Local Rule 105, sur-reply memoranda are not permitted to be filed unless otherwise ordered by the Court. CSS did not request leave to file a sur-reply memoranda, nor did the Court order that such memoranda should be filed. As such, the Court will grant the United States' Motion to Strike.

## III. CONCLUSION

For all of the aforementioned reasons, the Court will GRANT-in-part and DENY-in-part the United States' Motion to Dismiss [12], GRANT Plaintiffs' Motion for Discovery [17], GRANT the United States' Motion to Strike [22], and DENY Plaintiffs' Motion for Leave to File Sur-Reply [23]. An Order consistent with this Opinion will follow.


Date:  May 25, 2005                                             /s/
                                                    Alexander Williams, Jr.
                                                    United States District Court