IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JACK NEUBERGER, *et al.*, * | |
| * | |
| Plaintiffs, * | |
| v. * | |
| * | |
| UNITED STATES OF AMERICA, *et al.*, * | |
| * | |
| Defendant. * | |
| _____ * | Civil Action No. AW-04-2820 |
| * | |
| CURL SWIMMING SERVICES, INC. * | |
| * | |
| Third-Party Plaintiff, * | |
| * | |
| v. * | |
| * | |
| UNITED STATES OF AMERICA, *et al.* * | |
| * | |
| Defendants. * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Currently pending before this Court is the Third-Party Defendants United States of America ("United States") and Christopher Kopf's ("Kopf") Motion to Dismiss, for Judgment on the Pleadings, or in the alternative, for Summary Judgment (Paper No. 63) and Defendant/Third-Party Plaintiff Curl Swimming Services, Inc.'s ("CSS") Motion for Summary Judgment (Paper No. 60).

This action involves a claim originally brought under the Federal Tort Claims Act ("FTCA") by Jack Neuberger ("Neuberger") and Mary Neuberger ("Mrs. Neuberger"), (collectively, "Plaintiffs") against the United States, CSS, and Kopf. The United States and Kopf were subsequently dismissed from the original suit brought by the Plaintiffs whereby only

1

Defendant CSS remained. Defendant CSS, as Third-Party Plaintiff, then brought suit against the United States and Kopf as Third-Party Defendants seeking indemnification and contribution for any damages that they might be liable for in the suit against Plaintiffs.

On October 5, 2007, the Court held an pre-trial conference[1] in preparation for the upcoming trial, which is scheduled for October 23, 2007. The Court presently has a criminal trial on the calendar scheduled for the same day and may request from the parties in this matter that the trial date be adjusted slightly or the parties have the option to consent to a magistrate trial. The Court has also been advised by the Plaintiffs that they have withdrawn their jury demand request, but Defendant CSS has not consented to this request, and thus, the case will proceed with a jury trial. Additionally, arguments were heard on the pending motions currently before the Court, and the Court has reviewed the entire record and pleadings. For the reasons stated more fully below, the Court will GRANT Third-Party Defendants United States and Kopf's Motion to Dismiss, for Judgment on the Pleadings, or in the alternative, for Summary Judgment, and DENY Defendant/Third-Party Plaintiff CSS's Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2002, Plaintiffs Colonel Neuberger ("Neuberger") and his wife went swimming at the swimming pool located at the National Naval Medical Center ("NNMC") located in Bethesda, Maryland. The swimming pool at NNMC is staffed and maintained by Defendant/Third-Party Plaintiff Curl Swimming Services, Inc. ("CSS"), pursuant to a contract between CSS and the Navy. Defendant CSS's employee Richard Schreck ("Schreck") was the lifeguard on duty at this time. Neuberger entered Lane 5 of the pool, the designated handicapped

---

[1] The pre-trial conference was held in chambers and was recorded by a court reporter.

lane, which had another swimmer in it, a woman named Jan.  Before entering the lane, Neuberger and Jan discussed how they would share the lane.  "Circle swimming" is the standard policy at NNMC, but a different method can be used by agreement of the parties.  As a result, Neuberger and Jan had agreed to swim side-by-side instead of "circle swimming."

While Neuberger was swimming the backstroke, Third-Party Defendant Kopf, a Hospital Corpsman with the U.S. Navy, came near Lane 5.  Kopf eventually entered Lane 5 and shortly thereafter, a collision occurred between him and Neuberger.  As a result of this collision, Neuberger suffered serious medical injuries.

In July, 2003, the Neubergers submitted their administrative claims arising out of the incident to the Navy, which were subsequently denied in January 2004.  In August 2004, the Neubergers filed their claim in this Court.  Their Amended Complaint named the United States, Kopf, and CSS as Defendants.  In response to that Complaint, the United States and Kopf filed a Motion to Dismiss, or in the alternative, for Summary Judgment, raising several procedural defenses to Plaintiffs' Amended Complaint.  This Court granted the Motion to Dismiss with regard to the United States, since the action was not timely filed within the six-month statutory period following the denial of their claim by the Navy, as outlined in the Federal Tort Claims Act ("FTCA").  The Court denied the Motion with regards to Kopf, but permitted limited discovery on whether Kopf was acting within the scope of his employment during the incident.  In December 2004, Thomas M. DiBiagio ("DiBiagio"), the then-United States Attorney for the District of Maryland, on behalf of the Attorney General, certified that Kopf was acting within the scope of his employment with the Navy at the time the tortious conduct occurred.  Additionally, after the deposition of Kopf was completed, Plaintiffs voluntarily dismissed him from their suit.

CSS, the remaining defendant at the time, was granted leaved to file a Third-Party Complaint, naming the United States and Kopf as Third-Party Defendants for indemnification and/or contribution based on their negligent acts and breach of contract to the Plaintiffs.

## STANDARD OF REVIEW

*Motion to Dismiss, Fed. R. Civ. P. 12(b)(1)*

Motions to dismiss for lack of jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1).  When a Rule 12(b)(1) motion challenges the factual basis for subject matter jurisdiction under the FTCA, the burden of proving jurisdiction is on the Plaintiff, and the Plaintiff must demonstrate an unequivocal waiver of sovereign immunity. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *See also Lumpkins v. United States*, 215 F.Supp.2d 640, 642 (D. Md. 2002).  Additionally, the court may consider and weigh other evidence outside the pleadings to determine its authority to hear the case. *Id.*

*Motion for Judgment on the Pleadings, Fed. R. Civ. P. 12©*

A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *National Casualty Co. v. Lockheed Martin Corp.*, 415 F.Supp. 2d 596, 600 (D. Md. 2006)(citing *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-406 (4th Cir. 2002).  Rule 12© provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12©.  The Court must deny such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In determining whether to dismiss a complaint pursuant to Rule 12©, this Court must view the well-pleaded material allegations in the light most favorable to the Plaintiff and accept the factual allegations contained within the Plaintiff's complaint as true. *Id.*

(citing *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997).  Therefore, an action may be dismissed as a matter of law only if the complaint lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *Id.* at 601. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir.1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed.1982)).

*Summary Judgment, Fed. R. Civ. P. 56*

A party is entitled to summary judgment if the evidence in the record "shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(e).  In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence. *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted).  However, the party who bears the burden of persuasion on a particular claim must present legally sufficient evidence to support each element of his claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists.  *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences.  *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**ANALYSIS**

*Motion to Dismiss Christopher Kopf*

The FTCA shields federal employees from personal liability for negligent or wrongful acts or omissions committed while acting within the scope of their employment. 28 U.S.C. §2679 (b)(1); *see also Jamison v. Wiley*, 14 F.3d 222, 227 (4th Cir. 1994).  The FTCA further provides that the Attorney General must decide whether to certify that an employee was acting within the scope of his employment at the time of the alleged incident. 28 U.S.C. §2679(d)(1).  If such a certification is made, the United States is substituted as a defendant, and recovery is solely through the FTCA against the United States, not the individual employee. *Id*.

In this case, Third-Party Plaintiff CSS sued Kopf as an individual Third-Party Defendant. Kopf argues that he was acting within the scope of his employment at the time of the collision with Neuberger.  Thomas DiBiagio, the then United States Attorney for the District of Maryland certified Kopf as acting within the scope of his employment.  Kopf, as an employee of the Navy, stated in his deposition that he must be physically fit and participate in a "regular, year-round fitness program." Kopf, 62-61; s*ee* Chief of Naval Operations Instruction 6110.1G (October 2002) ("OPNAVINST 6110.1G").  Also, Kopf explained that he was swimming at the pool at NNMC to maintain his physical fitness as required by the Navy.

CSS, on the other hand, argues that the complaint against Kopf should not be dismissed because Kopf was the cause in fact of Neuberger's injuries.  Also, they argue that Kopf was off-duty and not acting as an agent for the government and that this Court should not be bound by the assertions of the United States Attorney as to scope of employment.

The Fourth Circuit has held that the burden of proof to refute the United States' certification of employment rests with the plaintiff. *Maron v. United States*, 126 F.3d 317, 323

6

(4th Cir. 1997). The plaintiff must prove by a preponderance of the evidence that the government employee was not acting within the scope of his employment. *Id*. The "scope of employment" certification is prima facie evidence that the defendant federal employee was indeed acting within the scope of his employment, thereby placing the burden on the plaintiff to prove otherwise. *Guiterrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir. 1997). If the plaintiff does not come forward with any evidence, the certification is conclusive. Furthermore, the plaintiff must submit "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Id*.

In this case, CSS has pointed to no authority nor has produced any specific facts or evidence that would persuade the Court otherwise. Additionally, this Court previously concluded in an Order on January 25, 2006, denying CSS's Motion to Stay, that Kopf was acting in his official capacity at all times. Since the United States Attorney for the District of Maryland had certified Kopf as acting within the scope of his employment coupled with Kopf's deposition testimony, which supports the certification, and this prior Court's finding, the Court concludes that Third-Party Defendant Christopher Kopf should be dismissed from this suit.

*Motion to Dismiss the United States*

The United States argues that the case should be dismissed against it because CSS's Third-Party Complaint fails to state a valid claim under Federal Rule of Civil Procedure 14. In support of their argument, they state that a third-party plaintiff's claim can be asserted under Rule 14(a) "only when the defendant's liability is derivative or secondary." *Tesch v. United States*, 546 F. Supp. 526, 529 (E.D. Pa. 1982). They further argue that the United States is liable for indemnity or contribution only if CSS is liable to the Neubergers, but since CSS has failed to allege this secondary liability, their complaint under Rule 14 is improper and should be dismissed. CSS has

sued the United States and Kopf solely on the fact the third-party defendants are liable to the Neubergers, and not CSS, for their injuries.

CSS, on the other hand, argues that the case should not be dismissed on the grounds of res judicata "because the Court permitted the third-party complaint to be filed." They state their request for indemnity and/or contribution from the United States and Kopf is based on the common law, and that alone is a sufficient basis for liability under notice pleading. They also state that it would be unfair for the United States and Kopf, the party who actually injured plaintiffs, to be immune from a claim of indemnity or contribution.

Rule 14(a) provides that a defending party can bring a complaint against a "nonparty who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. Pro. 14(a). The Supreme Court said in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 368 n. 3 (1978), that "[u]nder Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*." (Emphasis in original.) The third-party complaint must set forth a claim of *secondary* liability such that, if the third-party plaintiff is found liable, the third party defendant will be liable to him or her under a theory of indemnification, contribution, or some other theory of derivative liability recognized under substantive law. *Hanko v. United States*, 583 F. Supp. 1280, 1284 (W.D. Pa. 1984). The third-party claim must be "derivative" of the plaintiff's claim because "[d]erivative liability is central to the operation of Rule 14," *Watergate Landmark Condominium Unit Owners' Association v. Wiss, Janey, Elstner Associates, Inc.,* 117 F.R.D. 576, 578 (E.D.Va.1987).

CSS's claim of negligence by Kopf and the United States as a reason for contribution and indemnification is not a proper impleader under Rule 14. The assertion by CSS that they "should be indemnified if CSS is found liable" is not based on any derivative theory of liability; rather, it

is based on a theory of liability to the original plaintiffs. Where the original defendant has asserted no independent claim on his own behalf against the third-party defendant, the third-party defendant is entitled to be dismissed from the case. *Hanko*, 583 F. Supp. at 1284. The complaint and CSS's opposition merely state that the United States and Kopf are responsible for the injuries to the Neubergers, and as a result, they should be indemnified. As stated earlier, this is not an acceptable theory for third party liability under Rule 14, and the claims against the United States are likewise dismissed.

CSS argues that its complaint should not be dismissed based on res judicata, but this argument is inapplicable. Under the doctrine of *res judicata,* or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel v. United States,* 369 F.3d 345, 354 (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). The Fourth Circuit has stated that res judicata applies when there is: 1) a final judgment on the merits in a prior suit; 2) an identity of the cause of action in both the earlier and the later suit; and 3) an identity of parties or their privies in the two suits. *Id.* at 354-55. Since there was no final judgment on the merits of whether CSS's Third-Party Complaint was proper, CSS's argument fails.

The United States further argues that CSS's indemnity claim fails because under Maryland law, CSS is not entitled to indemnification as a result of its own *active negligence.* In Maryland, the "active/passive" negligence rule applies, such that if the alleged conduct attributed to the third-party plaintiff is active negligence, or if it is clear from the complaint that the third-party plaintiff's negligence would only arise from proof of active negligence, then there is no valid claim for indemnity. *Richard v. Freeman,* 179 F.Supp.2d 556, 560 (D. Md. 2002); *Franklin v. Morrison*, 350 Md. 144, 163. The Neubergers do allege "active" negligence in the complaint

9

against CSS[2], and as a result, CSS is precluded from seeking indemnity from a third party, i.e. the United States.   Therefore, CSS's claim for indemnification is dismissed.

Next, the United States argues that CSS's contribution claim should be dismissed as a matter of law.  Contrary to CSS's assertions, a right of contribution did not exist at common law but was created by the Uniform Contribution Among Tortfeasors Act ("UCATA"). Md. Code Ann., Cts. & Jud. Proc., § 3-1402, *et seq.* (2002). The UCATA defines the term "joint tortfeasor" as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." *Id.*, §3-1401.  Maryland courts hold that a joint tortfeasor must be "legally responsible" to the plaintiff for his injuries in order for UCATA to apply. *Montgomery County v. Valk Mfg. Co.*, 317 Md. 183, 200.  Since the United States and Kopf are no longer in the suit against the Plaintiffs, they cannot be "legally liable" to them anymore, and thus any contribution claim by CSS against the United States and Kopf must fail.  CSS's sole ground for its contribution claim is based on the common law, and they do not cite any cases to support its position and failed to respond to these arguments in its opposition.  Accordingly, the contribution claim against the United States will be dismissed.

The United States offers other theories for its dismissal from this suit which need not be addressed here at this time.  For all the reasons stated in the record, the Court will grant the United

---

[2] The Neubergers in their complaint allege that Defendant Curl breached its duty of operation and supervision by failing to provide proper supervision of swimmers, appropriate personal trained in water safety, and an adequate number of lifeguards, in addition to failing to implement appropriate procedures to prevents accidents by other swimmers.  Plaintiffs' Complaint at ¶ 15.  Also, the Neubergers allege that Defendant Curl breached its duty of care by failing to adequately train their employees regarding supervising swimmers and pool safety.  Plaintiffs' Complaint at ¶ 19.

States and Kopf's Motion to Dismiss, for Judgment on the Pleadings, or in the alternative, for Summary Judgment.

*CSS Motion for Summary Judgment*

In support of its motion, CSS primarily argues that the collision between Kopf and Neuberger was not a foreseeable accident that the lifeguard ("Schreck") could have prevented. Also, Schreck's actions were reasonable because when he saw the collision, he yelled at the parties to get their attention to try to stop the accident from occurring. Furthermore, it was unreasonable for Schreck to anticipate and prevent a collision of this nature, and CSS uses the deposition testimony of expert Bryan Jackson, Aquatics Director for the NNMC, who said that Schreck acted within the applicable standard of care for lifeguards to support their argument.

The Neubergers, on the other hand, argue that Schreck did not exercise reasonable care in failing to properly scan the pool and failing to blow his whistle to warn the parties of the impending collision. Also, Thomas Griffiths, Aquatic Safety and Pool Management expert for Neuberger, testified in his deposition that Schreck created a dangerous condition by not enforcing the "circle swimming" technique with the swimmers. However, he also stated that the "circle swimming" technique can be modified by the swimmers, but the lifeguard must be extremely vigilant to make sure that no one enters the lane to swim.

Looking at the pleadings and drawing all reasonable inferences in favor of the Plaintiffs, the Court cannot grant summary judgment to CSS as a matter of law. There are too many disputed facts and unanswered questions that need to be resolved by a fact-finder, namely foreseeability of the accident, reasonableness of the parties' action, the applicable standard of care, and any contributory negligence or assumption of risk on the part of Neuberger. Accordingly, the Court will deny CSS's Motion for Summary Judgment.

## CONCLUSION[3]

For the reasons stated above, the Court will GRANT both Third-Party Defendants United States and Kopf's Motion to Dismiss, for Judgment on the Pleadings, or for Summary Judgment, and DENY Defendant Curl's Motion for Summary Judgment.  A separate Order consistent with this Memorandum Opinion will follow.

    October 11, 2007                                                  /s/
Date                                                                         Alexander Williams, Jr.
                                                                                    United States District Judge

---

[3]Since this case was originally filed under the Federal Tort Claims Act (FTCA), jurisdiction in this Court was proper under federal question jurisdiction, 28 U.S.C. §1331.  The Court also had supplemental jurisdiction over Plaintiffs' non-federal law claims pursuant to 28 U.S.C. §1367.  It now appears that the federal law claims and the federal parties have been dismissed from this suit, and the Court no longer has jurisdiction under §1331.  In light of judicial economy and in fairness to the remaining parties, the Court allowed the Plaintiffs, at the pre-trial conference, to orally amend their complaint (which Plaintiffs' counsel did) to reflect the new basis for jurisdiction in this Court under diversity jurisdiction, 28 U.S.C. §1332, so as to keep the action in this Court and prevent Plaintiffs from having to refile their claim in state court. The amount in controversy requirement is satisfied, and CSS's counsel believes that its principal place of business is diverse from Plaintiffs.  If it is discovered that the parties are not diverse, counsel for both parties will advise the Court otherwise.

    Additionally, CSS's counsel expressed concern about securing Kopf as a witness in the upcoming trial since he has been dismissed from the case, but counsel for the United States agreed that he will work with the Navy to secure his presence.