**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JACK NEUBERGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. AW-04-2820 |
| CURL SWIMMING SERVICES, INC. | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******************************************************************************

## MEMORANDUM OPINION

Currently pending before the Court is Plaintiff's Renewed Motion[1] for Judgment as a Matter of Law on the Issue of Contributory Negligence (Docket No. 96). A jury trial on the merits was held on October 23-25, 2007, in which the jury found Defendant Curl Swimming Services, Inc. ("CSS" or "Defendant") negligent and Plaintiff Jack Neuberger ("Neuberger" or "Plaintiff") contributorily negligent, thus preventing any recovery in damages for Plaintiff's injuries. The Court has reviewed the entire record as well as the parties' briefs with respect to the instant motion and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated more fully below, the Court will DENY Plaintiff's Motion for Judgment as a Matter of Law.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case were fully stated in the Court's previous Memorandum Opinion, dated October 11, 2007 (Docket No. 77); however, for background purposes, the Court will summarize

---

[1] This Motion will be treated as a renewed motion for judgment. After verifying with the transcript in the trial proceedings, Plaintiff did move for judgment as to contributory negligence before the jury was charged. Also, Plaintiff has timely filed his Motion within the ten-day period after the jury was discharged as prescribed by Fed. R. Civ. P. 50(b).

1

the relevant facts for the instant motion. This case involves injuries that were sustained by Plaintiff as a result of a swimming accident between Plaintiff and Christopher Kopf that occurred at the National Naval Medical Center ("NNMC"), located in Bethesda, Maryland, on October 1, 2002. Plaintiff originally filed his claim against the United States and Mr. Kopf under the Federal Tort Claims Act ("FTCA"), but both parties were subsequently dismissed by this Court. *See* Memorandum Opinion, May 25, 2005, Doc. No. 26; *see also* Memorandum Opinion, October 11, 2007, Doc. No. 77.

A jury trial was held on October 23, 2007, solely on the issue of liability of Defendant CSS, the life-guard company that was hired by NNMC to supervise and provide life-guards for the pool. After the three-day trial, the jury returned a verdict finding that both Defendant CSS and Plaintiff Neuberger were negligent in causing the accident and Plaintiff's injuries. Furthermore, as a result of Plaintiff being found contributorily negligent, Plaintiff was completely barred from any recovery of monetary damages. Therefore, judgment was subsequently entered accordingly. Plaintiff, in the instant motion, challenges the Court's jury instruction on the issue of contributory negligence and requests that this Court grant a new trial in this matter limited solely to the issue of damages.

**STANDARD OF REVIEW**

The district court may grant a motion for judgment as a matter of law if "there is no legally sufficient evidentiary basis for a reasonable jury to find for [the opposing party] on that issue ... ." Fed. R. Civ. P. 50(a). "To grant the motion, the district court must examine the evidence in the light most favorable to the non-moving party and determine 'whether a reasonable trier of fact could draw only one conclusion from the evidence.' " *GSM Dealer Servs., Inc. v. Chrysler Corp.*, 32 F.3d 139, 142 (4th Cir.1994) (citing *Townley v. Norfolk & W. Ry.*, 887 F.2d 498, 499 (4th Cir.1989)).

In ruling on a renewed motion for judgment as a matter of law, the court may: 1) allow judgment on the jury verdict; 2) order a new trial; or 3) direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). Additionally, if a court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed. Fed. R. Civ. P. 50(c).

The standard to be applied in measuring contributory negligence is that of an ordinarily prudent person under the same or similar circumstances. Contributory negligence connotes a failure to observe ordinary care for one's own safety. *Smith v. Warbasse*, 71 Md. App. 625, 627, 526 A.2d 991, 992 (Md. 1987). "It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." *Menish v. Polinger Co.*, 277 Md. 553, 559, 356 A.2d 233 (Md. 1976).

If there is conflicting evidence as to material facts relied upon to establish contributory negligence, or if there is more than one inference that could reasonably be drawn therefrom, that question should be submitted to the jury. *Menish*, 277 Md. at 563, 356 A.2d at 238. For a case or an instruction to be withdrawn from the jury on the ground of contributory negligence, the "evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Id*; *see also Baltimore & O.R.R. v. Plews*, 262 Md. 442, 454, 278 A.2d 287 (Md. 1971).

## ANALYSIS

In considering whether the jury should have decided the question of Plaintiff's contributory negligence or whether it should have been decided by the Court, notwithstanding the jury's verdict, the Court must view the evidence and reasonable inferences drawn therefrom in light most favorable

3

to the Plaintiff. *Wesko v. G.E.M., Inc.*, 272 Md. 192, 200, 321 A.2d 529, 534 (Md. 1974). The Court will resolve all conflicts in the evidence in Plaintiff's favor and assume the truthfulness of all the evidence while drawing any and all inferences that can naturally and reasonably follow. *Menish*, 277 Md. at 567, 356 A.2d at 240.

Plaintiff's main argument in support of his motion is that Defendant failed to introduce any testimony or evidence, either from lay or expert witnesses, that supported Defendant's assertion that Plaintiff was in fact contributorily negligent in failing to act as a reasonable person would under the same or similar circumstances. Simply stated, Plaintiffs argues that because of this lack of evidence, a jury instruction on contributory negligence should not have been given. Plaintiff correctly points out that for the affirmative defense of contributory negligence, Defendant has the burden of proof by a preponderance of the evidence – namely in that Plaintiff's negligence was a cause of Plaintiff's injuries. *Batten v. Michel,* 15 Md. App. 646, 292 A.2d 707 (Md. 1972). Additionally, the existence of contributory negligence ordinarily is a question for the jury. *Warbasse*, 71 Md.App. at 627, 526 A.2d at 992.

In reviewing all the evidence and testimony from trial, the Court cannot agree with Plaintiff that Defendant failed to produce **any** evidence regarding contributory negligence.[2] The evidence that was presented at trial by Defendant's counsel, primarily through Plaintiff himself, was that Plaintiff was not looking where he was going. Plaintiff testified that he was unable to turn his neck, which prevented him from seeing what was behind him. With this minimal testimony, a reasonable inference could have been made by the jury that Plaintiff, through his action or inaction, was to some

---

[2] The Court did admonish both parties' counsel, outside the presence of the jury, that evidence of the duty of a "reasonable swimmer" could have been better presented and that it would have been more helpful to the jury had there been testimony elicited from the aquatics experts as to the standard of care or duty that a normal swimmer must posses.

4

degree a contributing factor in causing the accident. Even though Plaintiff had been allowed an exception to the usual "circle swimming" norm at the pool for several years and Defendants knew about the special arrangement, that fact alone does not relieve Plaintiff of responsibility for his own personal safety. Plaintiff, like all other swimmers, must always be aware and mindful of his surroundings. Regardless of one's condition, a swimmer must realize that he does not swim in a vacuum or allowed free reign to swim as he may choose, without any concern for his fellow swimmers. Lastly, it cannot be said that the lifeguard must monitor Plaintiff's every position to the detriment of every other swimmer that is under his care.

Plaintiff next contends that even if Plaintiff did violate an objective duty of swimmers, this "breach" of the standard did not rise to the level of negligence. Again, this was an issue for the jury to decide, and with the evidence and testimony presented at trial, the jurors, through their common sense and personal experiences, could have reasonably concluded that Plaintiff's actions were a contributing factor to the accident and the injuries Plaintiff sustained.

## CONCLUSION

For the reasons stated above, the Court concludes that with the evidence presented at trial, a reasonable jury could have inferred that Plaintiff was contributorily negligent in causing his injuries. Therefore, the Court will DENY Plaintiff's Motion for Judgment as a Matter of Law. An Order consistent with this Memorandum Opinion will be filed separately.

| | |
|---|---|
| December 11, 2007 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |